**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**

Mailed:  June 16, 2010

Opposition No. 91182207
Opposition No. 91184467

Johnson & Johnson and RoC
International S.A.R.L.

v.

Obschestvo s ogranitchennoy;
otvetstvennostiu "WDS"

THIS OPINION IS A
PRECEDENT OF THE TTAB

**M. Catherine Faint,**
**Interlocutory Attorney:**

During discovery, applicant responded, in whole or in part, to certain interrogatories relating to selection of the mark, sales, marketing and knowledgeable persons by referencing its business records, pursuant to Fed. R. Civ. P. 33(d).[1] These documents are written in Russian, and there is no English translation.

This case comes up on opposers' motion to compel applicant to supplement its responses to interrogatories.  Opposers contend that applicant's invocation of the Fed. R. Civ. P. 33(d) option to produce business records in response to interrogatories is improper in this case and places an undue burden on opposers because the produced records are in a

---

[1] Applicant also produced the 276 pages of documents in response to opposers' first request for production of documents, but refers to them in certain of its answers to interrogatories so that a general reference to the documents forms some part of these answers.

foreign language. Allowing applicant to respond in this fashion, opposers assert, is tantamount to authorizing applicant to answer its interrogatories in Russian. Opposers seek to compel applicant to supplement its answers to each interrogatory so that they are answered "separately and fully," as Fed. R. Civ. P. 33(b)(3) requires, without reference to the business records.

Applicant contends that it is not under any obligation to provide an English translation of its business records, but is obligated under Fed. R. Civ. P. 34(b) only to "produce them as they are kept in the usual course of business." Applicant argues that it has met the Fed. R. Civ. P. 33(b)(3) and 33(d) requirements by twice providing supplemental responses, including responses that do not solely reference documents produced by applicant, and a table describing the documents produced along with their corresponding Bates numbers.[2]

In reply, opposers note that even the supplemented interrogatory responses do not point to specific responsive documents by Bates number. Even with the table, argue opposers, none of the prerequisites for invoking Rule 33(d) has been met. Thus the documents are essentially unidentified.

Fed. R. Civ. P. 33(d) provides as follows:

**(d) Option to Produce Business Records.**

---

[2] Applicant also points to opposers' statement that "[a]pplicant's supplementation appears to moot the issue" with regard to Interrogatory No. 6. Upon review of the supplemental answers to interrogatories, the Board notes that opposers made a similar statement with regard to Interrogatory Nos. 4, 5 and 12, while at the same time opposers maintained their concerns about those parts of the answers that may still be contained in the general references to applicant's documents.

> If the answer to an interrogatory may be
> determined by examining, auditing, compiling,
> abstracting, or summarizing a party's business
> records (including electronically stored
> information), and if the burden of deriving or
> ascertaining the answer will be substantially
> the same for either party, the responding party
> may answer by:
> (1) specifying the records that must be
> reviewed, in sufficient detail to enable the
> interrogating party to locate and identify them
> as readily as the responding party could; and
> (2) giving the interrogating party a reasonable
> opportunity to examine and audit the records and
> to make copies, compilations, abstracts, or
> summaries.

A party responding to interrogatories by invoking Fed. R. Civ. P. 33(d) must comply with three specific conditions, as the Board explained in *No Fear, Inc. v. Rule*, 54 USPQ2d 1551 (TTAB 2000), and *Jain v. Ramparts, Inc.*, 49 USPQ2d 1429 (TTAB 1998). First, a responding party "must identify documents which the responding party knows to contain the responsive information, and may not merely agree to provide access to a voluminous collection of records which may contain the responsive information." *No Fear,* 54 USPQ2d at 1555. Second, "a party may not rely on the option to produce business records unless it can establish that providing written responses would impose a significant burden on the party." *Id.* Third, "even if the responding party can meet" the above two requirements and "can identify particular documents in which the inquiring party will find its answers, the inquiring party must not be left with any greater burden than the responding party when searching through and inspecting the records." *Id.* "That is, the determination and weighing of the parties' respective burdens is only necessary and appropriate if the responding

party already has established that it would be unduly burdensome for it to provide written answers to the interrogatories, and if its responses to the interrogatories have specified in sufficient detail the business records from which the answers to the interrogatories can be ascertained." *Jain*, 49 USPQ2d at 1434. The Board has added that the third requirement, if at issue, often will not be met "because the responding party will have greater familiarity with its own records and will generally have a lesser burden than the inquiring party when searching through the relevant records." *No Fear Inc. v. Rule,* 54 USPQ2d at 1555; and *Jain*, 49 USPQ2d at 1433-34.

The Board notes that the parties have focused on the third of the above-mentioned prerequisites, that is, whether applicant would face substantially the same burden as opposers in deriving the answers to the interrogatories from applicant's business records due to the fact that the documents are in Russian. We must first examine, however, the threshold issues of whether applicant, in the first instance, would be unduly burdened by providing written answers to the interrogatories and whether applicant's interrogatory responses themselves satisfy the Fed. R. Civ. P. 33(d) requirement for a detailed specification of the business records asserted to contain information responsive to the interrogatories.

Turning to these threshold issues, the Board finds that applicant has failed to establish that it would be unduly burdensome for applicant to provide separate and full written

answers to the interrogatories at issue in accordance with Fed. R. Civ. P. 33(b). Applicant has made no specific mention of what burden it faces in providing written answers, relying instead on its "having satisfied its burden" by supplementing its answers and providing the Bates number table.

Second, the Board finds that applicant is not entitled to invoke Fed. R. Civ. P. 33(d) because it has failed to comply with the requirement that the responding party specify the records from which the answer to the interrogatory may be ascertained in sufficient detail to permit the interrogating party to locate and identify, as readily as can the party served, the records from which the answer may be ascertained.

The business records at issue were produced in response to document requests, and would require opposers to translate each document and then attempt to ascertain what portion of any document may contain an answer to a particular interrogatory. The fact that the documents are in the Russian language further complicates matters. We are not aware of, nor do the parties cite to, a precedential case addressing the situation where a responding party responds to interrogatories pursuant to Fed. R. Civ. P. 33(d) by providing the interrogating party documents *in a foreign language*. There are, however, non-precedential cases. *See, e.g., Sungjin Fo-Ma, Inc. v. Chainworks, Inc.*, Civ. Act. No. 08-CV-12393, 2009 U.S. Dist. LEXIS 58059, 2009 WL 2022308 (E.D. Mich. July 8, 2009)(requiring responding party to extract information from documents in Korean and provide answers to interrogatories in English); *E. & J. Gallo Winery v.*

5

*Cantine Rallo, S.p.A.*, No. 1:04cv5153 OWW DLB, 2006 U.S. Dist. LEXIS 84048, 2006 WL 3251830 (E.D. Cal. Nov. 8, 2006)(finding volume of documents and repeated references to them in responding to all interrogatories meant it was less burdensome for responding party to provide written answers than for interrogating party to attempt to ferret information from documents); and *Chocolate Comercio de Roupas Ltda. v. China Trade & Research, Inc.*, Op. No. 91104145, (TTAB Apr. 14, 2000)(requiring written answers to interrogatories where documents produced pursuant to Rule 33(d) were in foreign language and did not mention mark at issue).

Where, as here, a responding party makes the decision to produce documents in lieu of responding directly to an interrogatory, a duty is imposed on the party to provide documents from which the response to the interrogatory is clearly ascertainable. Referencing documents written in a foreign language does not completely fulfill this duty.

So as to be clear, applicant's supplemental answers that still refer to unidentified documents in Russian are unacceptable. Although applicant may have provided partial written answers to portions of certain interrogatories, doing so does not entitle applicant to provide the rest of the answer in an unidentified document located somewhere in an accompanying document production, particularly where, as here, the documents are in a foreign language. Moreover, the table wherein applicant describes the documents and sets forth their

6

corresponding Bates numbers, while a step in the right direction, still falls far short of fulfilling applicant's duty given that the documents are in Russian.

Applicant misses the point of opposers' concern, a concern the Board shares in the facilitation of the discovery process: opposers are still left to guess how much of an answer is located in the written response to the answer, as opposed to residing in the Russian text of an unidentified document included in applicant's production; and this concern remains no matter how much supplemental text is added to an interrogatory answer because, either way, there apparently is at least some undisclosed portion of the answer that is written in Russian and contained within an unspecified part of an unidentified document.  Applicant's approach clearly thwarts the exchange of discoverable information as Fed. R. Civ. P. 33(d) contemplates because, as stated by opposers, "it forces the responding party first to translate all documents, then to wade through each document in an effort to identify responsive information, and then to guess which of that information was intended by the responding party as comprising the balance of the answer to a given interrogatory."  (Reply Brief, p. 3).

In view of the above, the Board finds applicant's invocation of Fed. R. Civ. P. 33(d) to be inappropriate.  Thus, the Board need not even reach the third prerequisite.  However, for the sake of completeness, and so as to dispel any doubt about the Board's frustration with applicant's approach to discovery, the Board will consider the third prerequisite,

namely whether opposers and applicant would face substantially the same burden in ascertaining the answers to the interrogatories from applicant's business records.

The Board finds that applicant's burden to ascertain the answers from its business records is far less than opposers' burden of surmising an answer, and that opposers' burden is dramatically increased because the documents are in Russian. *See Jain v. Ramparts Inc.*, 49 USPQ2d at 1433-34 (several factors considered and balanced in determining the respective burden, including the nature of the responding party's business records and the parties' respective costs of conducting the necessary research into those business records; "the responding party's greater familiarity with its own business records may, in appropriate cases, be the determinative factor in the analysis"). Looking at all of the factors, we consider the fact that applicant's documents are in a foreign language with which applicant is more conversant, and, that applicant is more likely to know where in its records the answers are contained to be determinative. Indeed as opposers argue, presumably applicant already has thoroughly reviewed its documents in deciding which ones are responsive to particular interrogatories or portions thereof. By requiring written responses to the interrogatories in English, the Board is only requiring applicant and its counsel to summarize and explain what they found and why the responses are contained in the documents. Applicant has already done part of the work by reviewing documents and determining which are responsive, so it

8

clearly could not be much of a burden for it to summarize what was found and why that information is relevant.[3]

Accordingly, the motion to compel is granted, and applicant is ordered to withdraw those portions of its answers to Interrogatory Nos. 4, 5, 6, 7, 10, 11, 12, 16, 18, 19 and 20 that rely on business records. Applicant is ordered to supplement its answers to each named interrogatory so that it is answered "separately and fully" as required by Fed. R. Civ. P. 33(b)(3) within **TWENTY DAYS** of the mailing date of this order.

Proceedings are resumed and dates are reset as set out below:

| | |
|---|---|
| Expert Disclosures Due | **7/1/2010** |
| Discovery Closes | **7/31/2010** |
| Plaintiff's Pretrial Disclosures | **9/14/2010** |
| Plaintiff's 30-day Trial Period Ends | **10/29/2010** |
| Defendant's Pretrial Disclosures | **11/13/2010** |
| Defendant's 30-day Trial Period Ends | **12/28/2010** |
| Plaintiff's Rebuttal Disclosures | **1/12/2011** |
| Plaintiff's 15-day Rebuttal Period Ends | **2/11/2011** |

In each instance, a copy of the transcript of testimony together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.l25.

---

[3] The Board notes that if applicant intends to rely on these documents at trial, the Board could not consider them unless a translation were submitted with them. *Cf.* 37 C.F.R. § 2.34(a)(3)(ii)(2010)(requiring translation of foreign registrations not in English for applications based on § 44(e) of Trademark Act). If such documents were submitted at trial with translations, but the translations had not been provided to opposers during discovery, applicant's documents could be the subject of a motion to strike pursuant to Fed. R. Civ. P. 37.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b).  An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129.

***